# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARIA JONI MCKELLAR,

    Plaintiff

v.

WALMART STORES, INC. #1584,

    Defendant

Case No.: 2:22-cv-00651-APG-DJA

**Order Rejecting Proposed Joint Pretrial Order**

[ECF No. 24]

    The parties' proposed Joint Pretrial Order (ECF No. 24) violates Local Rules 16-3 and 16-4 in several ways. For instance, the defendant's exhibit list seems to designate every document it has produced in this case (based upon the sequential Bates numbering). Similarly, the plaintiff seems to list every document in their possession, including expert reports which are usually precluded as hearsay. The plaintiff also lists numerous NRCP[1] 30(b)(6) or "custodian of records" witnesses for her medical providers. It appears that the lawyers have not truly conferred about what evidence they need to present at trial and whether any authentication issues can be resolved by stipulation. If they do so, perhaps they can stipulate to the authenticity of most of the proposed exhibits and eliminate the need for records custodians to testify.

    Further, the plaintiff lists as exhibits all "documents identified during discovery in this litigation," all pleadings and discovery responses in the case, and all depositions and exhibits. Local Rule 16-3(b)(8) requires parties to list their trial exhibits, and "describe the exhibits sufficiently for ready identification . . . ." The plaintiff's vague, broad designations of exhibits make it impossible for the defendant to object, and is improper.

---

[1] I feel compelled to point out to plaintiff's counsel that the Nevada Rules of Civil Procedure do not apply in this federal court case.

Equally problematic is each side's attempt to incorporate the experts "propounded" by the other side. There is no right to call unnamed witnesses at trial, and the attempt to reserve a right to do so violates Local Rule 16-3(b)(12).

Both parties attempt to reserve all objections to the other side's exhibits. That violates Local Rule 16-3(b)(8)(B), which requires the parties to state the grounds for all objections to the other side's exhibits. And the objections must relate to each exhibit, and not merely be generic objections to all exhibits.

Local Rule 16-3 requires the parties to personally discuss these and other issues. Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make trial decisions until the eve of trial. That prevents full participation in settlement discussions and deprives the other side the ability to efficiently prepare for trial. It is apparent from the proposed Joint Pretrial Order that the parties did not follow Local Rule 16-3.

I THEREFORE ORDER that the parties' Joint Pretrial Order (**ECF No. 24) is REJECTED.** The parties shall confer as required in Local Rule 16-3 and submit a proposed Joint Pretrial Order that complies with Local Rules 16-3 and 16-4 by November 27, 2023.

DATED this 30th day of October, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE